Okay, the next argued case is No. 16-12-10, Farstone Technology, Inc. v. Apple, Inc. Mr. Stein. May it please the Court. I'd like to start with Claim 9. The crux of the issue there is whether or not the preamble phrase said processing system creating at least one recovery unit should be construed as a means plus function limitation. We gave two reasons why it should not be construed that way. First, the creating term in the preamble is not a limitation at all. And second, even if it is construed as a limitation, it should be construed as an additional step in the method, not as a means plus function limitation. Apple essentially ignores both these arguments. As to the first, that the creating step, that the creating term in the preamble is not a limitation, I think it's important first to step back and take a look at the preamble language as a whole. When you do that, you see that the preamble uses the same type of language signaling intended use that this Court has found to be non-limiting in other cases. As Apple acknowledges, Claim 9 is a recovery method, not a backup method. It presumes the existence of something to recover, in this case, a recovery unit. The preamble continues, stating that the recovery method is suitable for a computer system that includes a processing system and a displaying system. This Court has recognized that this type of language in the preamble, suitable for a computer system here, specifies an intended use. That is not a limitation. Let me... Isn't it true that you relied on the preamble during the prosecution to overcome Shen? I mean, why should we assume that the preamble is not meaningful or limiting now? We did not rely on the preamble to overcome Shen. The limitation that overcame Shen was the last limitation in the body of the claim that was added. And the arguments regarding Shen concern the fact that Shen only backed up files and didn't back up hardware configuration, along with file data. But you amended the claim to add the word creating, right? Well, the claim was amended along with numerous amendments throughout the specification and the claims. The suggestion of the examiner to clean up certain grammatical errors that were in the claim and the specification. And, you know, along... In the course of that, throughout the specification and in the claim, the term establishing a creating unit was changed to creating a recovery unit, which seems like a more precise term for what is going on here. But the prior art was never distinguished on the basis of that amendment. Forrestone never even mentioned that particular change from establishing to creating in its arguments to overcome Shen. There was another point there. Anyway, so that argument, that amendment was not... in fact, was not relied upon to overcome the prior art, despite Apple's assertion to the contrary. In fact, Apple never explains how changing the word establishing to creating could come over the art, could overcome the prior art. They're basically, you know, the same word. Creating is just a bit more precise in the context of the claim and the patent than establishing. Okay. Okay, so, you know, in terms of this kind of preamble language establishing intended use, for example, in the C.R. Bard v. M3 systems case, which was cited in one of the cases that Apple relies upon in its brief Eton v. Rockwell, the court found that the preamble phrase a biopsy needle for use with a tissue sampling device did not mean that a tissue sampling device or its particular structure was a limitation. Likewise, here, the preamble phrase reciting a method suitable for a computer system does not mean that the claim is limited to the specific computer system or processing system recited in the preamble. Well, but the only way to understand what creating a recovery unit is is to understand the preamble. In other words, that's the only antecedent basis for the language that you ultimately chose, right? Well, the body of the claim does not rely on the act, the step of or the function of creating a recovery unit. It presumes that a recovery unit had already been created because this is a recovery method, so you have to have a recovery unit there in the first place. And further, to the extent that the creation of a recovery unit is considered an essential part in the method, then that just supports, in my view, Forrestone's argument that that should be an additional step in the method. Well, it has to include a processing system, so how are we to understand processing system separate and apart from the preamble? Well, the body of the claim refers to the processing system in purely structural terms. Yeah, I didn't really understand that statement in your brief. Can you explain what you mean by that? Well, what I meant was that it's not relying on any of the functionality of the processing system. It is basically relying on the processing system as an object. It doesn't matter what it does, actually. So you have a step of loading the recovery unit into the processing system. That doesn't have anything to do with what the processing system did previously. It has to do with putting something inside the processing system. Well, it says that it has to create a recovery unit. Isn't that functional? I'm talking about the body of the claim doesn't rely on the fact that the preamble says that the processing system creates the recovery unit. The body of the claim just only refers to the structure of the processing system. So you're loading it into something. It had nothing to do with creating the recovery unit previously. There's also references to the status of the processing system at a point in time. Those references refer to the data, the file data, hardware configuration data, in the processing system. It doesn't have anything to do with the processing system in action by the processing system to create a recovery unit. So that's the distinction. I mean, you have in the preamble a processing system doing something, but in the body it's just referring to the processing system as an object, either that gets something loaded into it or has a particular state. But there's a processing system referred to and a recovery unit referred to. So we're supposed to assume that the body of the claim has nothing to do with how the recovery unit's created? Right, for the purpose of the method, it doesn't matter how the recovery unit was created. It just matters that it exists because what the claim is claiming is a method for recovering. It's a recovery method. And once you have a recovery unit, again, it's not dependent on... So it doesn't matter that the processing system created the recovery unit, you think? Well, again, I guess that goes to the point where it goes to an intended use. This method is intended for use based on a preamble language with a system that may create a recovery unit. In the preamble, it says this processing system does create it, but it's not limited to a processing system that creates it. The body only refers to the structure of the processing system, not how the recovery unit is created. Is it correct, as the other side argues, that you actually relied on this preamble language and the fact that the preamble language was meaningful in a different IPR? In an IPR? Well, there's an IPR pending in this case. Right, and did you rely on the preamble as being meaningful with respect to the structure of the claims and how to interpret the claims in that IPR? The IPR... That's pretty much a yes or no, right? Well, the answer is yes, but it has a little bit of an explanation to it. Okay, so start with the yes and then explain. So the IPR concerns different claim limitations and different language in the preamble. And so in Claim 9, the preamble says that this is a method for determining an outcome of recovery operation beforehand. And so in the IPR, there's an issue as to whether or not that language provides context for other language in the claim related to displaying the recovery unit. And our position is that based on the claim language and the specification, that displaying involves being able to provide the outcome beforehand, which involves displaying the contents of certain files that have been backed up. So you can look at those files before they are restored. It's a separate issue. And I think there is no general rule that the preamble basically rises or falls as a unit. It wouldn't make sense for that to happen. So you're saying it's limiting for some purposes but not for others? That may be fair. The language in the IPR is completely different. The issues are completely different than the language that's at issue here. And I should just stress that if you are inclined to give way to the preamble, in the creating language in the preamble, the only thing that makes sense in my view is to interpret that as an additional step in a method, not as a means plus function limitation. The language actually is in the format, in a format that's commonly used for steps in a method. This is a method claim. They're saying that creating the recovery unit is an essential step in this method. So it would be consistent to interpret that language as a step in a method. It's very common in method claims to say, to identify what component is actually performing that step. Here it says a processing system performing that step. That type of format has been used in many different cases. We've cited it in our brief. It's almost always the case that some component is going to be performing the step that is recited in the body of the claim. Now we agree. Let's hear from the other side, and we'll save you rebuttal time, Mr. Stein. Mr. Palmore. Thank you, Your Honor. Thank you, Your Honors, and may it please the Court. Can you start with, I know you've got your own plan in mind, but can you start with the statement near the end there that a preamble can be limiting for some purposes relating to what's recited in the body of the claim but not for others? Would you agree with that proposition? I don't dispute that as a general proposition. For instance, if the first sentence of a preamble is a general statement of purpose, but then the rest of the preamble for a method claim, for instance, outlines structure in which the claimed method is to be practiced, then part would be limiting and part would not be limiting. But here I think it's important to understand exactly what Farstone is arguing. Farstone concedes that processing system in the preamble is limiting because it gives antecedent basis to the body of the claim. It concedes that recovery unit is limiting because, again, the claim, the body of the claim refers to said recovery unit. What it wants to do is pull out a blue pen and excise the word creating that links these two conceitedly limiting structural elements of the preamble. And I think that's impermissible as a matter of simple grammar. And I think it's also impermissible as a matter of claim construction because as some of the colloquy between the court and Farstone's counsel revealed, the body of the claim takes antecedent meaning from the creation function. So the last sentence of Claim 9 says that the recovery unit reflects a status of at least one hardware resource of said processing system at the time of creation of the recovery unit. And then it goes on to say that it allows the hardware resource to be restored to its status at the time of creation. Where is this creation referenced? In the preamble. And what does the creation, the processing system. In fact, the preamble is the only place in this patent that says that in the body of Claim 9 that says that it is the processing system that performs the creation. And that was important as explained in the prosecution history because the idea of this invention was to be able to restore hardware resources and the configuration status of hardware resources to their status at the time that the recovery unit was created. That's at A-479 in the prosecution history. And getting back to the arguments made at the IPR, the fact that we're talking about the displaying aspect, the displaying is related to the processing system which is in turn related to the recovery unit, correct? That's correct, Your Honor. These are all structural elements as this court has discussed in microprocessor and Eaton Corporation. It's a method claim, but the drafter used the preamble to outline structural elements of a system in which the claimed method was to be practiced. And then those claimed structures and the creating function then gives antecedent meaning to the body of the claim. Farstone's counsel says, well, even if it's limiting, we should read it as a step. And I would suggest that, first of all, that's not a correct reading of it. As I mentioned under microprocessor and Eaton, these are structural components in which the method is to be practiced. But even putting that aside, if it's a step, it's still a step that has to be performed by a processing system. So the exact same indefiniteness argument that we are talking about would still apply and would still invalidate the claim because the patent would still have to provide a person of ordinary skill in the art with reasonable certainty as to the scope of this processing system and how it creates this recovery unit. That's true whether it's a processing system performing the function of creating or if it's the step of creating performed by a processing system. I would suggest that the exact same indefinite analysis would apply. But we don't necessarily need to get to the means-plus-function analysis, if you're correct with respect to the preempt, correct? Well, Your Honor, you're right. We make two independent arguments. So one is as the district court found that this phrase, processing system creating at least one recovery unit, is indefinite under a straightforward, reasonable certainty analysis. That's what the district court found. The second argument is our alternative argument that we made in the district court that the district court found unnecessary to reach, which is that this is a means-plus-function limitation that doesn't adequately disclose structure. As to the first indefiniteness basis, which was the district court's conclusion, the district court looked at this phrase as a whole, and it noted that the claim itself doesn't define the processing system or provide guidance into how it performs this creating step or function. It was far so never argued that it was a term of art or had a common or ordinary meaning. So then what the district court did was look to the specification to see if any meaning could be ascribed to the term. And what it found repeatedly in the specification were repeated references to this backup recovery module. The specification repeatedly says that it's the backup recovery module that's the part of the processing system that performs the creating function, that creates the recovery unit. In the prosecution history, again, in A479, the applicant said that it was the backup recovery module in not only Claim 1 but also in Claim 9 that created the recovery unit. And indeed, Farrstone's experts said that the processing system and the backup recovery module were, quote, the same thing. So the only guidance that the specification or the prosecution history provides for what this processing system is in the sense of creating the recovery unit is reference to the backup recovery module. And that is no illumination at all because as the district court found in a conclusion that Farrstone doesn't challenge under existing precedent, backup recovery module provides no guidance, provides no structure, but it provides no reasonable certainty as to the scope of what is claimed. So what the district court did was... So let me ask you this. And this gets into the due process argument of whether it's even at issue here because as I understand it, the part that Farrstone is objecting to in the district court's order didn't really rely on the means plus function analysis, so it didn't... Yes, it's Williamson that caused the court to look at the issue again, but its indefiniteness analysis didn't depend upon its means plus function analysis. I think that's right, Your Honor. With respect to Claim 9, what the district court did was a straightforward Section 2 analysis. And it said because in light of the specification and in light of the prosecution history, because the meaning of this entire phrase, processing system creating at least one recovery unit, was entirely dependent on this backup recovery module, that it was indefinite and provided no reasonable certainty. The court found it unnecessary to analyze whether this was also indefinite as a means plus function limitation, which we think it is as well. With respect to Claim 1, Farrstone doesn't appeal the finding that this was indefinite as a means plus function limitation without adequate disclosure of structure under governing precedent under Williamson. They haven't appealed that. Instead, they've said that Williamson should be made prospective only. And that, we think, for the reasons that we've outlined in our brief, we think there's nothing to that argument. It's a bedrock principle of American law that changes in law, including changes in statutory interpretation, apply to all pending cases. And that's what Harper v. Virginia Department of Taxation held and many other cases, including from this court, have held. And there's no unfairness involved in that because parties have a right to the correct interpretation of the law in pending cases. So what, in your view, would have been necessary to have salvaged these claims? Specific algorithms or what? Yes, Your Honor. I think with respect to both our main argument and with respect to our alternative argument of means plus function, what was required was an algorithm, something that would have turned the general-purpose hardware and software that's disclosed in the specification into a special-purpose computer that could perform this specialized function of creating a recovery unit. There had to be some indication to a person of ordinary skill in the art as to the scope of how this was to be done. And instead, there's nothing other than the repeated references to the backup recovery module. But that gets to our alternative argument, which is the district court found unnecessary to reach, which is that this is a means plus function limitation and is indefinite for that reason as well. The word system is a generic drop-in replacement for means. It's like device or module or other words that this court has identified and characterized in that way. Putting processing before it doesn't change the analysis. That's a non-structural adjective that goes before it, just like putting distributed control before module in Williamson didn't change the fact that module was a generic structuralist term. And, in fact, Apple's expert stated in unrebutted testimony that processing system is not a term of art and it's not something that a person of ordinary skill in the art would understand as having the structure necessary to perform this creation function. Now, of course, that's not the end of the analysis because under Section 6, you can then look to the specification and the structure can be claimed there. But there we run back into the very same problem we've been discussing, which is the specification doesn't provide an algorithm, it doesn't have a special-purpose computer, it talks about general-purpose hardware and software, and it talks about the backup recovery module, which doesn't provide any guidance, any algorithm, about how this creation function is performed. So we think, for that reason as well, the district court's judgment guide should be affirmed. Are there no further questions? Any more questions? Any questions? Thank you. Thank you. Thank you, Mr. Palmar. Mr. Steiner. There's a... Apple's counsel said that it doesn't matter whether or not the limitation is construed as a step or a means-plus-function limitation because the same rules will apply for definiteness. That is not the law. There's markedly different rules that apply, depending on whether or not you construe it one way or another way. If it's a means-plus-function limitation, then the law, as it stands today, looks for an algorithm in the specification as the corresponding structure for that limitation. If it's construed as a method step, you don't need to find an algorithm in the specification. You need to find something that defines the term, correct? It needs to... You can look outside the specification in the case of construing a method step under the current law. So here we have an expert saying that what's described in the specification provides reasonable certainty to one of ordinary school-in-the-art as to how to construe this limitation. And that testimony is considered and given weight in the context of a standard 112-2 analysis. You're not limited to the spec. You're not limited to an algorithm under a section 1-2 analysis for a method claim. For means-plus-function claims, the law developed that you look for an algorithm as the corresponding structure. Now, there is an issue of whether the whole algorithm law should be revisited. In my view, it's based on N. Ray Allipak, going back a number of years, where the court found that the corresponding... that for patentability's purpose, a special patentability for software-based inventions, that a computer that is programmed with a particular algorithm creates a special-purpose computer. And therefore, that is patentable subject matter. And then the court picked up that analysis for 112-6 in WMS Gaming. But now with Alice, the court is no longer... the Supreme Court was no longer focused on algorithms as the essence of structure. And, you know, at least in my view, it's time to take a step back and see if the original focus on algorithms, as opposed to what one of Still in the Art would understand with reasonable certainty as to what these claims mean, should be the standard. In any event, here, Apple's counsel's statement that you reach the same result whether or not you consider it a step or a means-plus-function limitation is wrong as a matter of law. I see that I'm out of time. Thank you. Thank you, Mr. Stein. Mr. Palmore, the case is taken under submission.